FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 23 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

v.

AKMAL ZAKIROV,

      Defendant.

------------------------------------------------------------x

**DECISION & ORDER**
15-CR-95-5 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 16, 2018, Akmal Zakirov ("Defendant") pled guilty to Counts One and Two of the Third Superseding Indictment (S-3) filed in this action, charging him with conspiracy to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1) and attempt to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). In a handwritten letter dated March 22, 2018, Defendant requests to withdraw his guilty plea. ECF No. 274. For the following reasons, Defendant's request is DENIED.

## BACKGROUND

On May 9, 2016, the Government filed the Third Superseding Indictment in this action against Defendant and four co-defendants. *See* Third Superseding Indictment (S-3), ECF No. 135. The Government charges Defendant with one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) and one count of Attempt to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1). *Id.* at 1-2. As alleged in the Third Superseding Indictment, Defendant knowingly and intentionally conspired to and attempted to provide material support and resources to the Islamic State of Iraq and the Levant (ISIL), a foreign terrorist organization. *Id.* The Third Superseding Indictment also contains one count of Conspiracy to Use a Firearm in violation of 18 U.S.C. § 924(o) in relation to Counts One and Two against three of Defendant's co-defendants (Akhor Saidakhmetov, Arbor Habibov, and Azizjon Rakhmatov), and one count

1

of Travel Document Fraud in violation of 18 U.S.C. § 1546(a) against one of Defendant's co-defendants (Saidakhmetov). *Id.* at 2-4.

On December 20, 2017, this Court sentenced defendant Saidakhmetov to 180 months of custody following his plea of guilty to Count One of the Third Superseding Indictment. Judgment as to Saidakhmetov, ECF No. 263. On August 29, 2017, defendant Habibov pled guilty to Counts One and Three of the Third Superseding Indictment. ECF No. 225. Defendant Habibov has not been sentenced yet. On October 27, 2017, this Court sentenced Abdurasul Juraboev, another co-defendant in this action, to 180 months of imprisonment following his guilty plea to Count One of the Second Superseding Indictment (S-2), ECF No. 63, charging him with Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1). Judgment as to Juraboev, ECF No. 252.

On March 16, 2018, Defendant pled guilty to Counts One and Two of the Third Superseding Indictment, and this Court accepted his plea. ECF No. 275. Defendant is the fourth defendant to plead guilty in this case. In a handwritten letter addressed to this Court dated March 22, 2018 and filed on April 2, 2018, Defendant requests to withdraw his guilty plea. Defendant's March 22, 2018 Letter, ECF No. 274. Defendant's letter asserts that Defendant's attorney, Mr. Joshua Dratel, met with Defendant two days before the guilty plea hearing "only for 2-3 minutes without a translator, when Mr. Dratel abruptly left." *Id.* Although Defendant "consider[s] [him]self to have a good command of English," Defendant states he needed the services of Mr. Dratel and a translator to fully understand the agreement. *Id.* Defendant claims Mr. Dratel "didn't go over the agreement with me and I wasn't able to ask him some important questions." *Id.* The letter also asserts Defendant felt "afraid and under duress to plead guilty" because of his concern that another postponement of the guilty plea hearing "would make [him] look bad" in

2

the eyes of the Court and the Assistant United States Attorneys given that Defendant "previously refused several times to plead guilty." *Id.*

## DISCUSSION

I. **Legal Standard for Withdrawal of a Guilty Plea**

Federal Rule of Criminal Procedure 11 governs the withdrawal of a guilty plea after the plea has been accepted by the Court.[1] Rule 11 provides: "A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed R. Crim. Pro. 11(d). "A defendant who seeks to withdraw his or her plea bears the burden of showing that there are valid grounds for withdrawal." *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004) (citation omitted); *see United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997). If a defendant has shown a valid ground for relief, only then will the government be required to show prejudice, and the Court uses its discretion in balancing these concerns. *Maher*, 108 F.3d at 1529 (citations omitted). A district court's decision regarding withdrawal of a guilty plea is reviewed for abuse of discretion. *Schmidt*, 373 F.3d at 102; *United States v. O'Hara*, 960 F.2d 11, 14 (2d Cir. 1992).

To evaluate whether a defendant has provided a "fair and just reason," courts consider, *inter alia*, "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3)

---

[1] Federal Rule of Criminal Procedure 32(e) formerly governed withdrawal of a guilty plea, but the 2002 amendments to the Federal Rules of Criminal Procedure moved the provisions dealing with withdrawal of a guilty plea to Rule 11. *See United States v. Lopez*, 385 F.3d 245, 248 n.3 (2d Cir. 2004); Advisory Committee Notes to 2002 Amendments to Fed R. Crim. Pro. 11.

3

whether the government would be prejudiced by a withdrawal of the plea." *Schmidt*, 373 F.3d at 102-03 (citation omitted). "Courts may also look to whether the defendant has '[raise[d] a significant question about the voluntariness of the original plea.'" *Id.* at 103 (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)). "A defendant has no automatic entitlement to have such a motion granted, for '[s]ociety has a strong interest in the finality of guilty pleas,' and allowing withdrawal of pleas not only 'undermines confidence in the integrity of our judicial procedures,' but also 'increases the volume of judicial work, and delays and impairs the orderly administration of justice.'" *Maher*, 108 F.3d at 1529 (quoting *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989) (per curiam)). In *United States v. Hernandez*, the Second Circuit upheld the district court's denial of a motion to withdraw a guilty plea where the defendant argued he received the ineffective assistance of counsel "because he did not speak English and had only five minutes to review the agreement through an interpreter before entering the courtroom." 242 F.3d 110, 112-13 (2d Cir. 2001) (per curiam). The Second Circuit held the district court was permitted to rely on the defendant's sworn statements, made in open court with a translator's assistance, that "he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal a sentence below 120 months, and had been made no promises except those contained in the plea agreement." *Id.* at 112 (citations omitted).

Furthermore, "[a] defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. Although the standard to be applied in granting a hearing is less rigorous than the standard for granting the motion to withdraw the plea, the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *United States v. Gonzalez*, 970 F.2d 1095,

1100 (2d Cir. 1992) (citation omitted). "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *Id.* (citations omitted); *see United States v. Diaz*, 176 F.3d 52, 114 (2d Cir. 1999) (declining to remand for evidentiary hearing concerning voluntariness of defendant's guilty plea where defendant's "sworn statements during his plea hearing directly contradict an involuntary guilty plea for he stated under oath, *inter alia,* that (1) he was satisfied with his counsel's representation of him; (2) the plea was of his own free will; (3) he was guilty and stated that he understood that the court would not accept his plea if he claimed to be innocent; and (4) he had no questions regarding the sentencing proceeding after the plea was entered" (citations omitted)); *Torres*, 129 F.3d at 716 (holding district court's denial of evidentiary hearing was not an abuse of discretion because, among other reasons, defendant's "clear and knowing plea allocution" did not demonstrate the need for a hearing, and defendant's allegations merely contradicted the record).

## II.  Application

Defendant has failed to articulate a "fair and just reason" for withdrawing his guilty plea, as required by Rule 11. As this Court understands Defendant's letter, Defendant argues he should be permitted to withdraw his guilty plea because (i) he did not fully understand his plea agreement and the consequences of pleading guilty, and (ii) he pled guilty because he felt coerced. Both of these claims are belied by Defendant's sworn statements during the plea hearing.

During the plea hearing, Defendant stated to this Court on multiple occasions that he understood the rights he was giving up by pleading guilty and the consequences of his guilty plea. Specifically, Defendant stated he understood he had a right to plead not guilty and proceed

to trial, and by pleading guilty, he was giving up all of the associated rights he would otherwise have, including the presumption of innocence, his right to call witnesses, and his right to testify on his behalf if he chose to so testify. March 16, 2018 Hearing Transcript ("Tr.") 11:18-13:19. Defendant stated he understood he was giving up his right to appeal even if he were sentenced to up to 360 months of imprisonment. Tr. 13:12-14:5. The Court advised Defendant of the statutory penalties he faces for Counts One and Two of the Third Superseding Indictment, and Defendant affirmed he understood each of those penalties, including that he could be deported and removed from this country. Tr. 15:7-17:8. Defendant confirmed that his attorney, Mr. Dratel, had discussed the sentencing guidelines with him, and after being asked if he had any questions for the Court, Defendant said no. Tr. 17:16-18:13. An Uzbek interpreter was present for the proceeding "essentially on standby" because, according to Mr. Dratel, "Mr. Zakirov's English is very good, but we just wanted to make sure he was fully comfortable with all the concepts that the Court would present in the course of an allocution." Tr. 2:22-3:1. At no point during the plea hearing did Defendant in any way indicate that he needed the services of the interpreter to understand what was happening. Furthermore, this Court specifically asked Defendant if he was satisfied with the assistance of his counsel, and Defendant stated he was satisfied and believed he had received the effective assistance of counsel in his case. Tr. 10:25-11:6. Mr. Dratel also advised the Court that he had discussed the question of a guilty plea with Defendant and, in Mr. Dratel's view, Defendant understood the rights he was waiving by pleading guilty. Tr. 10:15-21.

After pleading guilty to Counts One and Two of the Third Superseding Indictment, in response to this Court's questions, Defendant affirmed he was pleading guilty voluntarily and of his own free will with respect to each count. Tr. 20:8-17. This Court asked Defendant if anyone

had threatened or forced him to plead guilty, and Defendant stated no one had forced or threatened him to plead guilty. Tr. 20:18-23. Defendant allocuted to agreeing with others and attempting to provide funding for persons to travel to Syria to join and fight for ISIS, which Defendant knew to be a foreign terrorist organization. Tr. 21:6-21. Finding Defendant was acting voluntarily and with a full understanding of the charges, his rights, and the consequences of his plea, and finding a factual basis for the plea, this Court accepted Defendant's guilty plea to Counts One and Two of the Third Superseding Indictment. Tr. 22:7-15.

Where, as here, a defendant's allegations in support of a motion to withdraw a guilty plea after acceptance by the Court "merely contradict the record . . . or are simply conclusory," a district court may deny a motion to withdraw a guilty plea without a hearing. *Torres*, 129 F.3d at 715 (quotation marks and citation omitted). Moreover, Defendant has not asserted any claim of innocence in his letter, and a defendant's "change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000) (per curiam) (citation omitted). Courts in this circuit have rejected requests to withdraw guilty pleas under similar circumstances. *See, e.g., United States v. Bido*, 14-CR-212, 2015 WL 13649576, at *2 (S.D.N.Y. Jan. 21, 2015) (Sullivan, J.) (denying motion to withdraw guilty plea based on purported involuntariness of plea, including allegation defendant was forced into pleading guilty by his attorney, where defendant's statements during plea hearing contradicted defendant's claims in support of withdrawal); *United States v. Akomah*, 06-CR-1096, 2007 WL 4245841, at *5-6 (S.D.N.Y. Nov. 29, 2007) (Preska, J.) (denying motion to withdraw guilty plea where defendant claimed his attorney "never reviewed the entire plea agreement with him" and claimed he did not understand the agreement because, during the plea colloquy, defendant expressly

acknowledged his understanding of the agreement, the voluntary nature of his plea, and stated he was satisfied with his attorney's performance). Furthermore, although Defendant sent his letter within a short amount of time after the guilty plea—approximately one week—that factor alone is not controlling and warrants neither withdrawal of the plea nor a hearing. Finally, because Defendant has failed to demonstrate a valid basis for relief, the Government is not required to show prejudice. *Maher*, 108 F.3d at 1529.

## CONCLUSION

Defendant pled guilty to conspiring to provide and attempting to provide material support to ISIL, a known terrorist organization. Defendant has failed to meet his burden of showing a fair and just reason for withdrawal of his guilty plea, as the law requires. Defendant's request to withdraw his guilty plea is therefore DENIED.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2018
        Brooklyn, New York