UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
              v.                             :        **ORDER**
                                             :        15-CR-95-5 (WFK)
AKMAL ZAKIROV,                               :
                                             :
              Defendant.                     :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 16, 2018, Defendant pleaded guilty to Counts One and Two of the Third Superseding Indictment, charging him with conspiracy and attempt to provide material support to the Islamic State of Iraq ("ISIS") and the Levant. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to time served, two years of supervised release with special conditions, and a $200.00 special assessment.

## BACKGROUND

On May 9, 2016, the Government filed a Third Superseding Indictment, charging Defendant with (1) Conspiracy to Provide Material Support to a Foreign Terrorist Organization, and (2) Attempt to Provide Material Support to a Foreign Terrorist Organization, both in violation of 18 U.S.C. § 2339B(a)(1). Third Superseding Indictment, ECF No. 135. On March 16, 2018, Defendant pleaded guilty to Counts One and Two of the Third Superseding Indictment. ECF No. 275.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.    Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines

sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district

court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall

state in open court the reasons for its imposition of the particular sentence, and . . . the specific

reason for the imposition of a sentence different from that described" in the Guidelines. 18

U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or

varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Davis*, No. 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y.

Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to

consider in determining what sentence to impose on a criminal defendant. The Court addresses

each in turn.

## II.    Analysis

### A.   The History and Characteristics of the Defendant and the Nature and
####       Circumstances of the Offense

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of

the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

####       1.   Family and Personal Background

Defendant was born Akmal Mahamatovich Zakirov on July 23, 1985 in Uzbekistan, as

one of four children born to Mahamet Nasirovich Zakirov and Maludahon Kasimova. *See*

Presentence Investigation Report ("PSR") ¶ 56, ECF No. 516. Defendant's parents and siblings

reside in Uzbekistan. *Id.* ¶ 56-57. They are aware of his conviction and remain supportive of

him. *Id.* Defendant's father is a college language professor, and his mother is a secondary

school math teacher. *Id.* ¶ 56. Defendant's three siblings are Ferzua Zakirova, age 39, Gulrano

Zakirov, age 38, and Abduladiz Zakirov, age 23. *Id.* ¶ 57. Defendant reported maintaining close

ties with his parents and siblings. *Id.* ¶ 56-57.

According to Defendant, he was raised in low-income economic conditions in

Uzbekistan, where food was sparse and his parents worked hard to provide their children with

basic necessities. *Id.* ¶ 58. Defendant related well with everyone in the household and did not

encounter any instances of abuse or neglect during his childhood. *Id.*

On June 10, 2009, at age 23, Defendant traveled to the United States on a visa to attend

school. *Id.* ¶ 59. Upon his arrival, he stayed with relatives in Brooklyn, New York. *Id.* He

ultimately decided to forego school, and left Brooklyn to pursue job opportunities. *Id.* From

September 2009 until June 2012, he lived and worked in Binghamton, New York. *Id.* He later

left Binghamton and moved to Savanna, Georgia. *Id.* In December 2012, he returned to

Brooklyn, and in May 2014, he moved to Virginia Beach, Virginia, where he lived until the

instant arrest. *Id.* Defendant explained he was a traveling mall kiosk salesman and moved

around the east coast due to business. *Id.* Accurint records reflect prior addresses for Defendant

in Virginia, New York, Delaware, and Georgia. *Id.* Per the Government, Defendant's non-

immigrant visa expired in September 2014. *Id.* ICE records indicate Defendant is not legally

residing in this country and is currently undergoing removal proceedings. *Id.* An ICE detainer is

in place. *Id.*

Defendant married Gulbakhor Tokhirova in Brooklyn, on June 16, 2014. *Id.* ¶ 60. His

wife, age 29, resides with the couple's seven-year-old twin sons, Hasan Zakirov and Husan

Zakirov. *Id.* His wife is a United States permanent resident and works from home selling

souvenirs, earning about $500 per month. *Id.* She also receives $363 in monthly unemployment

benefits. *Id.* She remains supportive of Defendant despite the instant conviction. *Id.* The children are unaware of Defendant's arrest due to their age. *Id.*

Defendant's wife described Defendant as a hardworking person who is positive-minded. *Id.* ¶ 60. She noted he has made the most of his time while incarcerated by enrolling in educational courses at the Metropolitan Detention Center ("MDC"). *Id.* Defendant's wife disclosed that in his absence, she has received monetary assistance from her mother to cover basic necessities but nonetheless acknowledged it has been very challenging to manage these expenses since his arrest. *Id.*

While incarcerated for the instant offense, Defendant has completed a number of courses at the MDC in recreation and leisure journaling, debate, weight management, resume writing, U.S. presidents, health, finance, core skills, tutoring, card making, logic, critical thinking, anger management, referee (basketball officiating), chess, entrepreneurship, college empowerment, and structure activity (running). *Id.* ¶ 63. Defendant has incurred one disciplinary sanction during his incarceration at the MDC, which was the result of his possession of a battery for his music player that had broken. *Id.* Specifically, on March 1, 2020, he was sanctioned for disruptive conduct. *Id.* On March 19, 2020, Defendant received 30 days of disciplinary segregation; he was released 19 days after the infraction occurred. *Id.*

2. Educational and Employment History

Defendant graduated from secondary school in Uzbekistan in 2002, at age 17. *Id.* ¶ 68. He earned good grades and posed no disciplinary problems while attending school. *Id.* Defendant enrolled in English language courses in Manhattan between 2012 and 2013. *Id.* Defendant is also fluent in English and Uzbek. *Id.* ¶ 69.

4

Prior to 2009, the defendant resided in Uzbekistan, and was financially supported by his family. *Id.* ¶ 72. Between 2009 and 2012, Defendant worked as a mall kiosk operator at various shopping malls in upstate New York, Georgia, and Virginia. *Id.* He was unable to recall the name of his employer or salary during this period. *Id.*

Between 2012 and 2015, Defendant managed several mall kiosks owned by co-defendant Abror Habibov. *Id.* ¶ 71. Defendant sold products, including sunglasses and kitchenware at the kiosks and provided cell phone repair services. *Id.* Defendant received a commission for his services, and his income fluctuated depending on the availability of business. *Id.*

Defendant reported he has not filed income tax returns since 2009 because he "did not think about it" and was mainly "paid in cash." *Id.* ¶ 73. Based on his reported employment, however, it cannot be determined whether he met the minimum earnings threshold to have been required to file income tax returns. *Id.*

Based on the defendant's financial profile, he appears unable to pay a fine. *Id.* ¶ 75.

### 3.  Prior Convictions

Aside from the instant offense, Defendant has no prior convictions.

### 4.  Medical and Mental Health

In 2019, Defendant was diagnosed at the MDC with hepatitis C. *Id.* ¶ 65. He incurs frequent stomach aches as a result of this condition but because his level of infection is low, medical staff have not prescribed him medication. *Id.* Defendant also reported having carpel tunnel syndrome in both wrists. *Id.* Defendant's wife indicated she has never known Defendant to suffer from any physical ailments. *Id.*

Defendant advised that during the COVID-19 pandemic, he was feeling depressed because of the lockdown and visitation restrictions at the MDC. *Id.* ¶ 65. Defendant related that

he practices meditative breathing, which helps uplift his mood. *Id.* Defendant reported no other

mental or emotional health conditions and no history of gambling. *Id.* Defendant's wife

indicated Defendant was a "little depressed" at the height of the COVID pandemic and lockdown

at the MDC but noted he has adjusted to the situation over time. *Id.*

     5.  <u>Substance Abuse</u>

Defendant reported he does not consume alcohol and has never used illicit drugs. *Id.* ¶

67.

     6.  <u>Nature and Circumstances of the Offense</u>

The investigation in this case began in August 2014, when agents with the Federal

Bureau of Investigation ("FBI") Joint Terrorism Task Force interviewed a co-defendant,

Abdurasul Juraboev, following their discovery of a social media post pledging support for the

Islamic State of Iraq and the Levant ("ISIL"). PSR ¶ 8. In a series of interviews, Juraboev

expressed his support for ISIL, desire to travel to Syria to fight with ISIL, intention to kill then-

President Barack Obama, and plan to plant a bomb in the Coney Island section of Brooklyn. *Id.*

Juraboev and another co-defendant, Akhror Saidakhmetov also discussed engaging in terrorist

acts in the United States and traveling to Syria to fight with ISIL. *Id.* The investigation also

revealed the involvement of co-defendant Abror Habibov, who was Saidakhmetov's employer

and who ultimately helped to purchase and plan Saidakhmetov's plane ticket to Turkey and

subsequent travel to Syria and raised money to support Saidakhmetov's actions in Syria. PSR ¶

9.

Throughout late 2014 and early 2015, Juraboev and Saidakhmetov communicated with

ISIL representatives and, with the assistance of Habibov, planned to travel to Syria to fight with

ISIL. PSR ¶¶ 10–18.

On February 19, 2015, Habibov and Defendant discussed sharing the cost of Saidakhmetov's ticket and raising additional funds to give to Saidakhmetov for his travels. PSR ¶ 22. Habibov asked Defendant how much they should give Saidakhmetov. *Id.* Defendant responded that they should give as much as needed. *Id.* Habibov suggested giving $4,000 and having himself and Defendant share the cost of the plane ticket and raising the remaining amount from other individuals. *Id.* Defendant stated that it was okay with him if Habibov withdrew $4,000. Habibov stated that he had spoken to "Abdulaziz" (referring to Azizjon Rakhmatov), and that Rakhmatov would contribute the remainder if Habibov was short on funds. *Id.* Later in the same conversation, Habibov stated he would buy Saidakhmetov's ticket (which he referred to as a "bus ticket") for February 25, 2015 and that he had already spoken with others about raising money for Saidakhmetov. *Id.*

Notably, a review of bank records revealed that multiple individuals, including Rakhmatov and Khusanov, among others, transferred approximately $2,400 in total into Defendant's personal bank account. PSR ¶ 25. Evidence obtained during the investigation indicates those funds were intended to be provided to Saidakhmetov. *Id.*

Defendant was detained by federal officials on immigration charges on February 25, 2015. PSR ¶ 25. In post-arrest statements, Defendant admitted that Habibov had asked him to contact other people to raise money for Saidakhmetov's travel to Syria. PSR ¶ 26. Defendant further disclosed that he asked Rakhamtov and Khusanov to provide funds for Saidakhmetov and stated that he knew the money that he was raising was intended to help Saidakhmetov travel to Syria to fight with ISIL. *Id.* Defendant (as part of a group that included Habibov, Khusanov, Kasimov, and Rakhmatov) gave and collected money to support jihad in Syria. *Id.*

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved support for a designated foreign terrorist organization and implicates national security concerns. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his offense.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to Conspiracy to Provide Material Support to a Foreign Terrorist Organization and Attempting to Provide Material Support to a Foreign Terrorist Organization, both in violation of 18 U.S.C. § 2339B(a)(1). For these offenses, Defendant faces a maximum term of imprisonment of 360 months, the maximum under the statute at the time of the offense conduct. *See* 18 U.S.C. § 2339B(a)(1). Defendant also faces a maximum term of supervised release of life on each count. 18 U.S.C. §§ 3583(b)(2), 3583(j).

A term of not less than one nor more than five years of probation on each count is also available because the instance offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of

8

probation unless the Court finds that extraordinary circumstances exist that would make such a condition plainly unreasonable. 18 U.S.C. § 3563(a)(2).

Defendant also faces a maximum fine of $250,000.00 on each count under 18 U.S.C. § 3571(b).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable guideline for 18 U.S.C. § 2339B(a)(l) offenses is United States Sentencing Guideline ("USSG") § 2M5.3(a), which provides for a base offense level of 26. Because the offense involved the provision of funds or other material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act, a 2-level enhancement is applied. USSG § 2M5.3(b)(1)(E). Because the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, the offense level is increased by 12 levels. However, because Defendant clearly demonstrated acceptance of responsibility for the offense, the offense level is reduced by 2. Additionally, because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. Accordingly, the total adjusted offense level is 37.

The Defendant has no prior convictions. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I. However, the criminal history category is VI pursuant to USSG § 3A1.4(b), which states that

9

"the defendant's criminal history category from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI."

Based upon a total offense level of 37 and a criminal history category of VI, the Guidelines imprisonment range is 360 months to life. However, the statutorily authorized maximum sentence is less than the maximum of the applicable guideline range; therefore, the restricted guideline range is 360 months. USSG § 5G1.2(b).

Probation recommends a sentence of 9 years of incarceration followed by 2 years of supervised release with special conditions. The Government filed a letter regarding a sentence below the applicable Sentencing Guidelines range. Defense counsel requests a sentence of time served, which would amount to approximately 102 months.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply here.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Co-defendant Abdurasul Hasanovich Juraboev pleaded guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) and was sentenced by this Court on October 27, 2017 to 180 months of incarceration, with no term of supervision to follow. *See* ECF No. 252. Co-defendant Akhror Saidakhmetov pleaded guilty to one count of Conspiracy to Provide Material Support to a

10

Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) and was sentenced by

this Court on December 20, 2017 to 180 months of incarceration, with no term of supervision to

follow. *See* ECF No. 263.  Co-defendant Azizjon Rakhmatov pleaded guilty to one count of

Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18

U.S.C. § 2339B(a)(1) and was sentenced by this Court on January 14, 2021 to 150 months of

incarceration, followed by a lifetime term of supervised release with special conditions. *See* ECF

No. 486.  Finally, co-defendant Dilkhayot Kasimov was convicted by a jury of Counts One and

Two of the Third Superseding Indictment, charging him with conspiracy and attempt to provide

material support to a foreign terrorist organization.  ECF No. 425.  Co-defendant Kasimov was

sentenced by this Court on June 3, 2022 to 180 months of incarceration and 10 years of

supervised release with special conditions.  ECF No. 517.  For the reasons stated in this

Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence

avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to

provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(7).  This factor does not

apply here.

## CONCLUSION

The Court finds that a sentence of time served and two years of supervised release with

special conditions is appropriate.  The special conditions shall include: (1) Defendant shall

cooperate with and abide by all instructions of immigration authorities; and (2) If deported or

excluded, Defendant may not re-enter the United States illegally.  The Court also imposes the

$200.00 mandatory special assessment but does not impose a fine because the Defendant does

not have the ability to pay.  This sentence is consistent with and is sufficient but not greater than

necessary to accomplish the purposes of § 3553.  The Court also expressly adopts the factual

findings of the Presentence Investigation Report and any addenda thereto, barring any errors

contained therein and to the extent they are not inconsistent with the Court's sentence.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2022
Brooklyn, New York

12